PAUL O. NICOLAS v. ALBERT LEA LIGHT & POWER COMPANY.[1]

February 5, 1909.

Nos. 15,946—(195).

**Use of Water Gauge—Questions for Jury.**

The plaintiff, an engineer, was injured by the explosion of a glass water gauge upon a steam engine about which he was working.  The gauge was of standard make and of a size in common use.  A number of such gauges had exploded within a short time prior to the accident, and the plaintiff informed the superintendent that he would no longer work unless a gauge of smaller diameter was installed.  The superintendent conceded that the smaller gauge would be safer and agreed to make the change.  In reliance upon this promise the plaintiff continued work and was injured.  *Held* that, while the original installation and use of the water gauge might not have been negligent, it was for the jury to determine whether the defendant was negligent in continuing to use that size gauge after it had knowledge that it was not safe when used in that particular place.

**Questions for Jury.**

The questions of contributory negligence and assumption of risk were for the jury to determine.

Action in the district court for Freeborn county to recover $10,000 damages for personal injuries caused by the explosion of a water gauge whereby plaintiff lost the sight of an eye.  The case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $1,000.  Defendant's motion for judgment notwithstanding the verdict was denied.  From the judgment entered pursuant to the verdict, defendant appealed.  Affirmed.

[1] Reported in 119 N. W. 503.

*Dunn & Carlson,* for appellant.

*Larrabee & Davies, A. J. Edgerton,* and *N. E. Peterson,* for respondent.

ELLIOTT, J.

The respondent, Nicolas, while in the employ of the appellant, the Albert Lea Light & Power Company, was injured by the explosion of a glass water gauge in use upon a steam boiler about which he was working. In this action he recovered a verdict against the defendant for $1,000. The motion for judgment in favor of the defendant notwithstanding the verdict was denied, judgment was entered on the verdict, and the appeal is from the judgment. The sole question is: Was there any evidence to justify the trial court in denying the motion to direct a verdict for the defendant?

There was evidence tending to show that Nicolas was an assistant engineer, and his employment required him to work about the engines in the appellant's power plant. There had been trouble with the water gauges, and eight had exploded within the two months prior to the accident. Nicolas knew of the danger, and notified the superintendent that he would not continue to work unless a different size and quality of gauge was furnished in place of those they were and had been using. The superintendent agreed that a smaller gauge would be safer under the circumstances, but directed Nicolas to continue work, and promised that he would install gauges of smaller diameter, which would better resist the pressure of the steam. In reliance upon this promise Nicolas continued to work, and very soon thereafter was injured by the explosion of the old gauge. There had been ample time between the notice and the explosion to procure and install the new gauge. The plaintiff's case rested upon the claim that the defendant knew that the gauge which was then being used was too weak to stand the pressure, and that the plaintiff continued work upon the reliance of the promise to install a safe gauge in the place of the one which experience had shown to be unsafe.

The appellant contends that the evidence did not establish any negligence on the part of the defendant and that Nicolas was guilty of contributory negligence and also assumed the risk. It is conceded that the three-quarters-inch water gauge which had been and was then

being used was in common use and of standard make, use, and quality. Had this accident occurred without any warning, this would have probably relieved the defendant from the charge of negligence. But it did not conclusively show that the defendant was not negligent in using that gauge in this particular place, after notice of what had happened, as five-eighths-inch gauges were also in common use and easily obtainable in the market. The superintendent conceded that the five-eighths-inch gauge would be safer. Within a short time prior to the accident eight three-quarters-inch gauges had exploded. In other places the three-quarters-inch gauge worked all right; but experience had shown that in this place, under the particular atmospheric conditions, there was serious danger in using it. It was not a question whether three-quarters-inch water gauges were generally safe, or whether it was negligence to originally install that size in this particular place. Experience had shown that there was serious danger that a three-quarters-inch gauge would explode when used in that place, and the question for the jury was whether with knowledge of that fact, the defendant was negligent to continue its use.

This made a question for the jury, and the case was properly submitted, unless the plaintiff was guilty of contributory negligence or assumed the risk. There was nothing in the evidence to justify the trial court in determining either of these questions as a matter of law. Nicolas recognized that working about the gauge involved danger; but the danger was not so great that the court could say as a matter of law that a reasonably prudent man would not have continued work for a reasonable time after the promise to make the change was made.

Judgment affirmed.